## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BANCINSURE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. __12-cv-2110_ KHV/GLR |
| | ) | (Removed from the District Court |
| | ) | of Johnson County, Kansas,  Tenth |
| CARL L. McCAFFREE, | ) | Judicial District, Case No. |
| | ) | 11CV06505) |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| and | ) | |
| | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION AS RECEIVER | ) | |
| OF THE COLUMBIAN | ) | |
| BANK AND TRUST COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

To:    The Judges of the United States District Court for the District of Kansas

Clerk of the United States District Court for the District of Kansas

**PLEASE TAKE NOTICE THAT** defendant, the Federal Deposit Insurance Corporation as Receiver of The Columbian Bank and Trust Company ("FDIC-R"), pursuant to 12 U.S.C. §1819(b)(2)(A)-(B), 28 U.S.C. § 1441(b) and D.Kan.R. 81.1-2, hereby removes this action, captioned *BancInsure, Inc. v. Carl L. McCaffree, et al*, Case No. 11CV06505, from the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas on the grounds that FDIC-R has become a

party to the state court action.  In support of this notice of removal, FDIC-R states as follows:

## BACKGROUND

1.  On or about August 1, 2011, Plaintiff BancInsure, Inc. ("Bancinsure") filed its Petition for Declaratory Judgment in the District Court of Johnson County, Kansas against Carl L. McCaffree, Jimmy D. Helvey, Sam McCaffree, Randolph G. Austin, Richard L. Roach, and G. Reid Teaney. who are six former directors and officers of The Columbian Bank and Trust Company ("Columbian").  The case was assigned case no. 2011-CV-06565.  An Amended Petition for Declaratory Judgment was filed on August 11, 2011.

2.  BancInsure issued a directors and officers' liability insurance policy and company reimbursement ("the policy") to Columbian Financial Corporation (parent company to Columbian) and to its subsidiaries, including Columbian, for a three year policy period from May 11, 2007 to May 11, 2010.

3.  In its Petition and Amended Petition for Declaratory Judgment, BancInsure alleges that an actual controversy exists between itself and defendants based on the Complaint filed by the FDIC-R in the United States District Court for the District of Kansas, Case No. 2:11-cv-02447-JAR-KGS, because the individual defendants have made demand upon BancInsure to defend and indemnify them under the policy against the claims and allegations made by the FDIC-R.

4.  By Petition and Amended Petition for Declaratory Judgment filed herein, BancInsure seeks a declaration that the policy is void and may be rescinded, that there is no coverage to the individual defendants under the policy for the claims of the FDIC-R,

and that BancInsure is entitled to repayment of all funds expended in defense of the FDIC-R's claims against the individual defendants in Case No. 2:11-cv-02447-JAR-KGS.

5.  The underlying civil action about which declaratory relief is being sought by BancInsure is an action by FDIC-R against the very same individual defendants that is pending in this United States District Court for the District of Kansas, captioned *FDIC as Receiver of the Columbian Bank and Trust Company v. Carl L. McCaffree, et al*, Case No. 11-cv-2447-JAR/KGS *("FDIC v. McCaffree")*, that was commenced on August 9, 2011 with filing of Complaint.

6.  In Case No. 11-cv-2447 JAR/KGS, FDIC-R asserts claims against Carl L. McCaffree, Jimmy D. Helvey, Sam McCaffree, Randolph G. Austin, Richard L. Roach and G. Reid Teaney[1] as former directors and/or executive officers of Columbian for negligence, gross negligence and breach of fiduciary duty in originating and/or approving poorly underwritten large commercial and commercial real estate loans and in failing to properly supervise Columbian's lending function during their tenure at Columbian.  Upon appointment as receiver for Columbian on or about August 22, 2008, FDIC-R succeeded, by statute, to all rights, titles, powers and privileges of Columbian, Columbian's shareholders, accountholders, and depositors including, but not limited to, Columbian's claims against Columbian's former directors and officers.

7.  On or about August 31, 2011, FDIC-R filed its motion to join as a necessary party or, in the alternative, to intervene, in the present declaratory judgment action, *BancInsure v. McCaffree, et al.*  FDIC-R premised its motion in part on its interest in the

---

[1] FDIC-R subsequently settled all of its claims against G. Reid Teaney.  Its claims against the remaining 5 defendants remain pending.

{K0358002.DOC; 1}

outcome of the declaratory judgment action based on the policy being a potential source of monetary recovery on any judgments that may hereafter be entered in favor of FDIC-R and against the individual defendants in *FDIC v. McCaffree.* "Filed"-stamped copies of the FDIC-R's motion to join as a necessary party or, in the alternative, to intervene, and supporting memorandum are attached hereto as Exhibit A.

8.   By Memorandum Decision entered on February 3, 2012, the district court of Johnson County, Kansas granted FDIC-R's motion to join and found that the FDIC "is entitled to join Plaintiff's declaratory judgment action."   A file-stamped copy of the February 3, 2012 Memorandum Decision is attached hereto as Exhibit B.

9. On or about February 23, 2012, pursuant to the February 3, 2012 Memorandum Decision, FDIC-R filed its Notice of Joinder in the pending District Court of Johnson County, Kansas civil action for declaratory judgment.  A file-stamped copy of the Notice of Joinder is attached hereto as Exhibit C.

## BASIS FOR REMOVAL

10.   This notice of removal is filed in part pursuant to 28 U.S.C. § 1441(b), which provides, in relevant part, that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

11.   Any civil suit to which the FDIC, in any capacity, is a party "shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A).  *See also, Bullion Servs, Inc. v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995).   When the

4

FDIC is a party, the entire action is deemed to arise under the laws of the United States. *Bucher v. FDIC*, 981 F.2d 816, 818-819 (5th Cir. 1993).

12.   The FDIC also has a statutory right to remove cases in which it becomes a party from state court to federal court pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").   Specifically,   12 U.S.C. § 1819(b)(2)(B) provides that, except as provided in subparagraph (D), the FDIC "may, without bond or security, remove any action, suit or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party."   It is not necessary that other parties join in or consent to removal because the rule of unanimity does not limit the FDIC's unilateral power of removal under the statute allowing it to remove any case to which it is. or becomes, a party.  *See Casey v. FDIC*, 583 F.3d 586 (8th Cir. 2009), *cert. denied*, 120 S.Ct. 2062, 176 L.Ed.2d 414

13.   The exception to removal jurisdiction set forth in 12 U.S.C. § 1819(b)(2)(D) does not apply in this case because the state court declaratory judgment action does not involve Columbian's obligations to depositors, creditors or stockholders or pre-closing rights against Columbian.   Rather,  the state court declaratory judgment action  involves the contractual rights of former Columbian directors and officers (and the rights of the FDIC-R) in a policy of liability insurance issued by BancInsure relating to directors and officers' liability claims being asserted by FDIC-R against the individual defendants.

14.   This Notice of Removal is being filed within the ninety (90) day period from the date the FDIC-R became a party to the state court declaratory judgment action.

{K0358002.DOC; 1}

15.   Because FDIC-R is now a party to the state court declaratory judgment action, the entire state court action should be removed to the United States District Court for the District of Kansas.

16.   Removal of this action is not prohibited by any federal statute.

17.   Pursuant to 28 U.S.C. § 1446(a) and D.Kan. Rule 81.2, all process, pleadings, and orders served upon FDIC-R in the state court declaratory judgment action as well as a complete copy of all records and proceedings had in the state court will be filed with the clerk of the Court within 21 days.

18.   Pursuant to D.Kan. Rule 81.1(c)(2), after the filing of this Notice of Removal, FDIC-R will file a copy of this pleading with the Clerk of the District Court of Johnson County, Kansas.

19.   Pursuant to D.Kan. Rule 81.1(b)(1), this Notice of Removal is being filed in the Kansas City record office of the clerk of the court because the state court declaratory judgment action is pending in the Tenth Judicial District of Kansas.

WHEREFORE, Defendant Federal Deposit Insurance Corporation as Receiver of The Columbian Bank and Trust Company respectfully requests that this Court accept the removal of this civil action from the District Court of Johnson County, Kansas and direct that the District Court of Johnson County, Kansas shall have no further jurisdiction over this matter.

## DESIGNATION OF PLACE OF TRIAL

Federal Deposit Insurance Corporation as Receiver of The Columbian Bank and Trust Company, in accordance with D.Kan.R. 40.2, hereby designates Kansas City as the place for trial.

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 East Cambridge Circle Drive, Suite 300
Kansas City, Kansas  66103
Telephone: (913) 371-3838
Fax: (913) 371-4722
Email:  cgetto@mvplaw.com
            dgreenwald@mvplaw.com


By:    /s/ Charles A. Getto         
       Charles A. Getto #9895
       Douglas M. Greenwald #12211
       Attorneys for Defendant Federal Deposit
       Insurance Corporation as Receiver of
       The Columbian Bank and Trust Company


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent by first class mail, postage prepaid to the following on February 24, 2012:


Mr. Jay F. Fowler
Mr. David E. Rogers
FOULSTON SIEFKIN, LLP
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466

Mr. James D. Oliver
FOULSTON SIEFKIN, LLP
Corporate Woods Building 32, Suite 600
9225 Indian Creek Parkway
Overland Park, Kansas 66210-2000
*Attorneys for Plaintiff BancInsure, Inc.*

{K0358002.DOC; 1}

Mr. Michael Thompson
Ms. Lindsey J. Conrad
Ms. Stacey M. Bowman
HUSCH BLACKWELL LLP
4801 Main Street, Ste. 1000
Kansas City, MO 64112
*Attorneys for Defendants Carl L. McCaffree, Sam McCaffree and Jimmy D.*
*Helvey*

Mr. John Bullock
Mr. Wesley F. Smith
STEVENS BRAND, L.L.P.
900 Massachusetts St., Ste 500
P.O. Box 189
Lawrence, KS 66044
*Attorneys for Defendant Randolph G. Austin*

Ms. Kathleen R. Urbom
URBOM LAW OFFICES CHARTERED
3024 S.W. Wannamaker Rd., Suite 301
Topeka, KS 66614
*Attorney for Defendant Richard L. Roach*

/s/ Charles A. Getto
Charles A. Getto

{K0358002.DOC; 1}