IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| BANCINSURE, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11CV06505 |
| CARL L. McCAFFREE, et al., | ) Division No. 3 |
| Defendants. | ) |

### MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION IN ITS CAPACITY AS RECEIVER OF THE COLUMBIAN BANK AND TRUST COMPANY TO JOIN AS A NECESSARY PARTY OR, IN THE ALTERNATIVE, TO INTERVENE

The Federal Deposit Insurance Corporation, in its capacity as Receiver of The Columbian Bank and Trust Company ("FDIC-R"), moves the court for an order granting it leave to join this civil action for declaratory relief as a necessary party pursuant to K.S.A. 60-219(a). Alternatively, leave to intervene in this civil action and to be aligned as a defendant herein is sought pursuant to K.S.A. 60-224. A memorandum in support of this motion has been filed contemporaneously herewith.

### NOTICE OF HEARING

Please take notice that this motion will be heard on October 5, 2011 at 1:30 p.m. before the Honorable Thomas Sutherland in Division 3 of the Johnson County District Court, 100 North Kansas Avenue, Olathe, Kansas 66061.

EXHIBIT A

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2011 AUG 31 PM 2: 37

SCANDATE 2011/09/05 14:55

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 East Cambridge Circle Drive
Suite 300
Kansas City, Kansas 66103
(913) 371-3838
(913) 371-4722 - Facsimile
cgetto@mvplaw.com
dgreenwald@mvplaw.com

By: /s/ Charles A. Getto
Charles A. Getto #9895
Douglas M. Greenwald #12211
Attorneys for Movant
The Federal Deposit Insurance Corporation
As Receiver of The Columbian Bank and
Trust Company

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was deposited in the United States mail, first-class, postage prepaid, addressed to Jay F. Fowler, David E. Rogers, FOULSTON SIEFKIN, LLP, 1551 North Waterfront Parkway, Suite 100, Wichita, Kansas 67206-4466, and to James D. Oliver, FOULSTON SIEFKIN, LLP, 9 Corporate Woods, Suite 450, 9200 Indian Creek Parkway, Overland Park, Kansas 66210-2017, attorneys for Plaintiff BancInsure, Inc., on this 31st day of August 2011.

/s/ Charles A. Getto
Charles A. Getto

SCANDATE 2011/09/06 14:55

2

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| BANCINSURE, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11CV06505 |
| CARL L. McCAFFREE, et al., | ) Division No. 3 |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION IN ITS CAPACITY AS RECEIVER OF THE COLUMBIAN BANK AND TRUST COMPANY TO JOIN AS A NECESSARY PARTY OR, IN THE ALTERNATIVE, TO INTERVENE

The Federal Deposit Insurance Corporation, in its capacity as Receiver of The Columbian Bank and Trust Company ("FDIC-R"), submits the following memorandum in support of its Motion To Join As A Necessary Party Or, In The Alternative, To Intervene.

1. On or about August 1, 2011, Plaintiff BancInsure, Inc. ("BancInsure") filed its Petition For Declaratory Judgment in this district court in which it seeks a declaration that a policy of directors and officers liability insurance that it issued to The Columbian Bank and Trust Company ("Columbian") does not afford coverage to former directors and officers of Columbian for claims being asserted against them by the FDIC-R. Reference is made therein to a draft Complaint prepared and circulated by the FDIC-R naming the former directors and officers of Columbian as defendants. BancInsure's Petition seeks a declaration that, for various reasons including provisions in the subject insurance policy and alleged misrepresentations made by Columbian in certain

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2011 AUG 31  PM 2: 37

SCANDATE 2011/09/06 14:56

application forms, "there is no coverage for the threatened claims" of the FDIC[-R]." (Petition For Declaratory Judgment, paragraphs 44-48, 59 and 61.) The Petition For Declaratory Judgment did not name the FDIC-R as a defendant although the FDIC-R is the claimant against the former directors and officers and it is the FDIC-R's claims that are the subject of the requested declaratory relief. Indeed, the FDIC-R was appointed as Receiver of Columbian on August 22, 2008, by the Office of the State Bank Commissioner of Kansas ("OSBC") (See Declaration of Insolvency and Tender of Receivership attached hereto as Exhibit A and the FDIC's Acceptance of its Appointment as Receiver attached hereto as Exhibit B.) Pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), the FDIC-R succeeded to all rights, titles, powers, and privileges of Columbian, Columbian's shareholders, accountholders, and depositors, including, but not limited to, Columbian's claims against the Bank's former directors and officers.

2. On or about August 11, 2011, BancInsure filed its Amended Petition For Declaratory Judgment in which it named as defendants those former directors and officers of Columbian who were named as defendants in a Complaint filed by the FDIC-R on August 9, 2011, in the United States District Court for the District of Kansas, Case No. 11-CV-2247 JAR/KGS. A copy of that complaint is attached as Exhibit B to the Amended Petition For Declaratory Judgment. The FDIC-R brought the case in its capacity as Receiver of Columbian pursuant to authority granted by 12 U.S.C. § 1821.

3. In its federal district court complaint, the FDIC-R asserts claims of negligence, gross negligence, and breach of fiduciary duty against Carl L. McCaffree, Jimmy D. Helvey, Sam McCaffree, Randolph Austin, Richard Roach, and G. Reid Teaney relating to their acts and omissions as directors and officers of Columbian.

{K0349347.DOC; 1}  2

4. The Amended Petition For Declaratory Judgment names Carl L. McCaffree, Jimmy D. Helvey, Sam McCaffree, Randolph Austin, Richard Roach, and G. Reid Teaney as defendants and it seeks a declaratory judgment that there is no coverage for the defendants under the directors and officers liability policy issued by BancInsure to Columbian "for the FDIC's claims." (Amended Petition For Declaratory Judgment, paragraphs 55-56 and 58.) The Amended Petition For Declaratory Judgment does not name the FDIC-R as a defendant although it is the plaintiff making claims against the defendant former directors and officers in the underlying civil action (Exhibit B to Amended Petition For Declaratory Judgment) and even though it is the FDIC-R's claims that are the subject of the requested declaratory relief.

5. K.S.A. 60-1712 (part of the Kansas Declaratory Judgment Act) provides that when declaratory relief is sought, "all persons who have or claim any interest which would be affected by the declaration shall be joined as parties who have or claim any interest which would be affected by the declaration, and no declaration shall be binding against persons not so joined as parties to the proceeding." The FDIC-R has and claims an interest in the outcome of the pending declaratory judgment action because the directors and officers liability policy issued by BancInsure to Columbian is a potential source of recovery of any judgments that the FDIC-R may obtain in the underlying civil action that it filed against the former directors and officers of Columbian.

6  All persons interested in a declaratory judgment controversy should ordinarily be brought into court, although this does not require persons to be brought in with whom the plaintiff has no controversy. Where all interested parties have not been brought before the tribunal, the court ordinarily will dismiss the action without prejudice.

*Heinsohn v. Porter*, 244 Kan. 667, 671, 772 P.2d 778 (1989), *overruled on other grounds, Glenn v. Fleming*, 247 Kan. 296, 799 P.2d 79 (1990). In *Heinsohn*, the Court cited approvingly from the Appleman's *Insurance Law and Practice* treatise to the effect that persons who have been injured in an automobile accident are both proper and necessary parties to the maintenance of a declaratory judgment action to determine coverage between insurer and its insured (alleged tortfeasor). "It is clear in such cases that both the insured and such injured persons should be made parties defendant to the action." The Court also cited to *Franklin Life Insurance Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir. 1946), which held that in declaratory judgment actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, the third persons asserting liability against the insured are proper persons to a declaratory judgment proceeding although their claims against the insurer are contingent upon recovery of a judgment against the insured. Finally, the *Heinsohn* Court agreed that the injured party (with a claim of negligence against a day care provider) was a "contingently necessary party" to a declaratory judgment action of insurer against the insured homeowner to determine existence of insurance coverage for the injured party's claims.

7. The FDIC-R is a necessary party to the pending declaratory judgment action filed by BancInsure pursuant to K.S.A. 60-219(a)(1) and must be joined as a party. Specifically, that rule provides that a person who is subject to service of process must be joined as a party if: (A) In that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a

SCANDATE 2011/09/05 14:56

{K0349347.DOC; 1}                                     4

practical matter, impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Here, although the FDIC-R would not be bound by any adjudication of insurance coverage as between the defendant former directors/officers and BancInsure, complete relief could not be accorded to plaintiff or defendants as to coverage without the presence of the FDIC-R as a party and there is a substantial risk of inconsistent obligations if the FDIC-R is not joined. For example, BancInsure could prevail as against the former directors and officers (no coverage - no duty to defend or indemnify) in this state court proceeding, but in a post-judgment garnishment action brought by the FDIC-R in the federal district court action, BancInsure could be held to have a duty to indemnify and be ordered to pay any judgment entered against the insured directors and officers. The FDIC-R has a compelling interest in the outcome of this declaratory judgment action - that is, the availability of almost $5 million in insurance coverage to pay any future monetary judgments entered against the defendants (and in favor of FDIC-R) in the federal district court case - and as a practical matter its ability to protect that interest may be impaired or impeded if it is not allowed to join as a party and participate in the coverage dispute between BancInsure and defendant-insureds.

8. Under K.S.A. 60-219(a)(2), if a person has not been joined as required, the court "must order that the person be made a party." The FDIC-R is a necessary party to the declaratory judgment action and should be made a party because it was not joined by BancInsure. Because the FDIC-R's interests are adverse to that of BancInsure (based on the fact that the FDIC-R will seek a declaration that there is coverage under the subject

insurance policy for the underlying claims being asserted by the FDIC-R against the former directors and officers of Columbian), the FDIC-R should be ordered to be joined as a defendant in this declaratory judgment action.

9. The Petition For Declaratory Judgment and Amended Petition For Declaratory Judgment are not in compliance with K.S.A 60-219(c) in that they fail to identify the FDIC-R as a necessary party to the action and fail to state the reasons why the FDIC-R is not joined as a defendant or party.

10. In addition or alternatively to joinder under K.S.A. 60-219(a), the FDIC-R moves for leave to intervene as of right in this declaratory judgment action pursuant to K.S.A. 60-224(a). First, the FDIC-R is seeking intervention through a timely motion filed promptly after this case was filed (and promptly after the FDIC-R filed its Complaint against the defendant former directors and officers in the federal district court of Kansas on August 9, 2011). Second, pursuant to K.S.A. 60-224(a)(2), the FDIC-R is claiming an interest relating to the property or transaction that is the subject of the action - that is, it claims an interest in the insurance coverage afforded by BancInsure to the defendant former directors and officers of Columbian because insurance policy proceeds would be available to satisfy any monetary judgments that the FDIC-R may hereafter obtain against the defendants in the underlying civil action. Third, the FDIC-R's ability to protect that interest in insurance policy proceeds may as a practical matter be substantially impaired or impeded if it is not allowed to intervene because BancInsure will likely attempt to utilize or invoke any declaratory relief that it obtains in this civil action as a defense to a post-judgment garnishment that the FDIC-R would bring to collect monetary judgments against the defendant insured former directors and officers of

SCANDATE 2011/09/05 14:56

Columbian. The Amended Petition For Declaratory Judgment specifically seeks relief relating to coverage for the claims being asserted by the FDIC-R in the underlying federal district court Complaint (Exhibit B to Amended Petition For Declaratory Judgment).

11. The FDIC-R also seeks joinder or leave to intervene because only it (and not the defendant former directors and officers of Columbian) has various statutory defenses to BancInsure's Amended Petition for Declaratory Judgment and the relief requested therein, including but not limited to 12 U.S.C. § 1823(e) (BancInsure cannot rescind an asset acquired by the FDIC-R, that is, the directors and officers policy, based on defenses not plainly stated on the face of the policy); 12 U.S.C. § 1821(j) (BancInsure's request for declaration of rights as to the directors and officers liability policy would "restrain or affect the exercise of powers or functions of the FDIC-R and, in particular, its powers to realize upon the assets of the failed bank); and 12 U.S.C. § 1821(d)(13)(D) (the Court lacks jurisdiction over this action seeking a determination of rights with respect to assets of any depository institution for which FDIC has been appointed as receiver, absent timely exhaustion of administrative remedies).

12. Alternatively, the FDIC-R should be granted leave to intervene permissively, pursuant to K.S.A. 60-224(b), because this motion is being filed on a timely basis; because the FDIC-R has a potential claim against the BancInsure directors and officers liability policy that is the subject of the Amended Petition For Declaratory Judgment; and because there are common questions of law or fact between the underlying civil action pending in federal district court and this action for declaratory judgment. Common questions of law or fact include the nature of the acts and omissions of the defendant directors and officers prior to bank closing, alleged misrepresentations

of the defendants relating to loan losses, notice or knowledge on the part of individual defendants of loan losses, circumstances surrounding loan approvals and Columbian's underwriting practices, and adequacy of responses to alleged regulatory warnings. There are a number of issues of fact and law that may affect insurance coverage which also will be litigated (or subjects of discovery) in the FDIC-R's federal district court action against defendants.

13.   Because as intervenor the FDIC-R's interests will be adverse to BancInsure and presumably aligned with those of defendants in taking the position that the subject insurance policy provides coverage for the pending claims of the FDIC-R against the defendants, the FDIC-R should be allowed to intervene (or be aligned) as a party-defendant.

WHEREFORE, the Federal Deposit Insurance Corporation as Receiver of The Columbian Bank and Trust Company, moves the court for joinder as a necessary party under K.S.A. 60-219(a), and/or for leave to intervene as of right under K.S.A. 60-224(a) or permissively under K.S.A. 60-224(b), for leave to join this civil action (or be aligned) as a party-defendant, and for such further relief as the court deems just and equitable.

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 East Cambridge Circle Drive
Suite 300
Kansas City, Kansas 66103
(913) 371-3838
(913) 371-4722 - Facsimile
cgetto@mvplaw.com
dgreenwald@mvplaw.com

By: _____
Charles A. Getto #9895
Douglas M. Greenwald #12211
Attorneys for Movant
The Federal Deposit Insurance Corporation
As Receiver of The Columbian Bank and
Trust Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was deposited in the United States mail, first-class, postage prepaid, addressed to Jay F. Fowler, David E. Rogers, FOULSTON SIEFKIN, LLP, 1551 North Waterfront Parkway, Suite 100, Wichita, Kansas 67206-4466, and to James D. Oliver, FOULSTON SIEFKIN, LLP, 9 Corporate Woods, Suite 450, 9200 Indian Creek Parkway, Overland Park, Kansas 66210-2017, attorneys for Plaintiff BancInsure, Inc., on this 31st day of August 2011.

_____
Charles A. Getto

SCANDATE 2011/09/06 14:56

## STATE OF KANSAS
## OFFICE OF THE STATE BANK COMMISSIONER
## DIVISION OF BANKING

IN THE MATTER OF                )
                                )
Columbian Bank & Trust Co.      )
Topeka, Kansas                  )

### DECLARATION OF INSOLVENCY AND TENDER OF RECEIVERSHIP

WHEREAS, Columbian Bank & Trust Co. is a duly organized Kansas banking corporation, chartered by the state of Kansas, and as such, is subject to the Kansas Banking Code, K.S.A. 9-101 et seq.

WHEREAS, Pursuant to Kansas Statutes, the State Bank Commissioner is the official charged with administering and discharging the Kansas Banking Code, to ensure proper management and operation of Kansas banks to protect depositors; and

WHEREAS, Chapter 9 Article 19 of the Kansas Statutes Annotated provides procedures to be followed by the Commissioner when a bank is declared insolvent; and

WHEREAS, K.S.A. 9-1902 defines insolvency as follows:

"A bank or trust company shall be deemed to be insolvent when (1) the actual cash market value of its assets is insufficient to pay its creditor liabilities except that for this purpose unconditional evidence of indebtedness of the United States of America may be valued, at the discretion of the commissioner, at par or cost whichever is the lesser; (2) when it is unable to meet the demands of its creditors in the usual and customary manner; (3) when it shall fail to make good its reserve as required by this act."

WHEREAS, after a thorough investigation of the affairs and condition of Columbian Bank & Trust Co., Topeka, Kansas, the Commissioner is satisfied that the bank is insolvent within the meaning of K.S.A. 9-1902 (2) and as such, the situation presents an immediate danger to the public welfare justifying uses of this emergency proceeding;

NOW, THEREFORE, BE IT RESOLVED AND DECLARED that pursuant to K.S.A. 9-1903, K.S.A. 9-1905, and K.S.A. 77-536, J. Thomas Thull, State Bank Commissioner of and for the State of Kansas, does hereby take charge of Columbian Bank & Trust Co., Topeka, Kansas, and all of its properties and assets.

BE IT FURTHER RESOLVED AND DECLARED that being satisfied that said Columbian Bank & Trust Co., Topeka, Kansas, cannot resume business or liquidate its indebtedness to the satisfaction of depositors and creditors and knowing further that the deposits of said bank are insured by the Federal Deposit Insurance Corporation, J. Thomas Thull, State Bank Commissioner for the State of Kansas, does hereby appoint the Federal Deposit Insurance Corporation as receiver of said Columbian Bank & Trust Co., Topeka, Kansas, pursuant to K.S.A. 9-1905 an 9-1907, and call upon them to perform the duties of a receiver pursuant to Chapter 9, Article 19 of the Kansas Statutes Annotated.

IT IS SO ORDERED. DONE THIS 22nd DAY OF AUGUST, 2008, AT TOPEKA, KANSAS.

SCANDATE 2011/09/05 14:56

Exhibit A

BY: _J. Thomas Thull_
J. THOMAS THULL, STATE BANK COMMISSIONER

## NOTICE REGARDING RELIEF FROM THIS DECLARATION OF INSOLVENCY AND TENDER OF RECEIVERSHIP

Pursuant to K.S.A. 77-536, this Declaration of Insolvency and Tender of Receivership is effective upon issuance. The Respondent has 30 days to file an appeal petition for judicial review under K.S.A. 77-601 *et seq.*, with the Clerk of the Third Judicial District Court of Kansas. Pursuant to K.S.A. 77-613, the agency officer to receive service of a petition for judicial review is J. Thomas Thull, Bank Commissioner, on behalf of the Office of the State Bank Commissioner at 700 SW. Jackson Street, Suite 300, Topeka, Kansas 66603-3796.

## Certificate of Service

I, J. Thomas Thull hereby certify that I personally caused a true and correct copy of this DECLARATION OF INSOLVENCY AND TENDER OF RECEIVERSHIP to be served on Columbian Bank and Trust Co. this 22nd day of August, by serving any officer or director, and the Federal Deposit Insurance Corporation, as receiver, by serving a representative, and by depositing the same with the United States Post Office, first class postage prepaid, addressed to the following:

Sam McCaffree
Chairman of the Board
12201 Dearborn
Overland Park, KS 66209-1562

Carl L. McCaffree
President/VP/Board Secretary
11525 Juniper,
Leawood, KS 66211-1794

_J. Thomas Thull_

SCANDATE 2011/09/06 14:56

**FDIC**
Division of Resolutions and Receiverships
Dallas Regional Office
1601 Bryan St.
Dallas, Texas 75201

Telephone (972) 754-0098

August 22, 2008

J. Thomas Thull, Bank Commissioner
Office of the State Bank Commissioner
State of Kansas
700 SW Jackson, Suite 300
Topeka, Kansas 66603-3796

Dear Commissioner:

On behalf of the Federal Deposit Insurance Corporation, I accept the Appointment as Receiver of The Columbian Bank and Trust Company, Topeka, Kansas, at the request of the State Bank Commissioner for the State of Kansas, tendered this 22nd day of August, 2008. The Federal Deposit Insurance Corporation accepts this Appointment pursuant TO 12 U.S.C. Section 1821(c).

FEDERAL DEPOSIT INSURANCE CORPORATION

By: _____
Attorney in Fact

Printed Name: James A. Meyer

SCANDATE 2011/09/06 14:56

Exhibit B