## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

**BANCINSURE, INC, an Oklahoma
corporation,**

                **Plaintiff,**

**v.**

**CARL L. MCCAFFREE,
*et al.*,**

                **Defendants.**

**Div. 3
Case No. 11-CV-6505
K.S.A. Chapter 60**

### MEMORANDUM DECISION

      This matter is before the Court on the Federal Deposit Insurance Corporation=s

(AFDIC@) Motion to Join as a Necessary Party, in its Capacity as Receiver of the Columbian

Bank and Trust Company, or in the Alternative to Intervene and Memorandum in Support

filed on August 31, 2011.[1]  On September 19, 2011, Plaintiff filed a Response to the Motion.[2]

The FDIC filed a Reply Memorandum in Support of the Motion on September 29, 2011.[3]

---

[1] Doc. ## 25-26.

[2] Doc. # 38.

[3] Doc. # 44.

1



EXHIBIT

B

On September 20, 2011, Defendants filed a Motion to Stay Proceedings pending decision by the Federal District Court of Kansas regarding a Motion for Relief from Judgment filed in an almost identical suit.[4]  On October 5, 2011, the Court heard argument from the parties on both the Motion to Join and the Motion to Stay Proceedings. Subsequently, the Court granted the Motion to Stay,[5] and on January 31, 2012, the Federal District Court of Kansas denied the Motion for Relief from Judgment.

For the reasons discussed below, the Court finds that the FDIC is a necessary party pursuant to K.S.A. 60-219(a)(2)(B); thus, the FDIC is entitled to join Plaintiff=s action for declaratory judgment.  As a result, the Court finds that the Motion must be granted.

## BACKGROUND

This matter is one of several administrative and civil actions stemming from the demise of Columbian Bank and Trust Company on August 22, 2008, when the Office of the State Bank Commissioner of Kansas closed the bank and appointed the FDIC as its receiver. Defendants in this matter are former officers and directors of Columbian.  Plaintiff requests that this Court determine whether an insurance policy, renewed on May 11, 2007, provides coverage of the FDIC=s claims against Defendants filed in the Federal District Court of Kansas on or about August 9, 2011.

Plaintiff has advanced Defendants= costs in the federal action under a reservation of rights to reimbursement if this Court determines there is no coverage.

---

[4]Doc . ## 39 & 41.

[5]Doc. # 47.

## ANALYSIS

The FDIC asserts that it is a necessary party to Plaintiff=s action for declaratory judgment because, (1) it is an injured party whose ability to recover may be affected if coverage is denied, and (2) the FDIC would not be bound by any coverage determinations made by this Court if the FDIC is not made a party.  Plaintiff argues that the FDIC should not be allowed to join or intervene in this matter because it has no justiciable controversy with the FDIC and any interest the FDIC may have is a Apotential@ interest because judgment has not yet been entered in the FDIC=s favor.  Plaintiff=s declaratory judgment claim requests that the Court find the policy terminated and/or that no coverage of the FDIC=s tort claims exists.

Plaintiff asserts the general rule is that a claimant in a tort action is not entitled to litigate the defendant=s insurance coverage unless and until the claimant establishes that it is entitled to judgment against the defendant.  It is generally accepted and well established that an insured is Anot properly a party in a tort action arising from [a tort claim], and no previous Kansas case has allowed an action against an insurer based on negligence or bad faith to proceed before a judgment has been reached in the underlying suit.@[6]  However, this case does not involve a direct tort action against Plaintiff.

---

[6]*Nungesser v. Bryant*, 283 Kan. 550, 560-61, 153 P.3d 1277 (2007).

*Clerk of the District Court, Johnson County Kansas*
                                                    *02/03/12  11:18am SS*

In *Nungesser*, the Kansas Supreme Court applied the general rule because the insured was joined in the tort action to face a direct tort action by the insured, but it stated that "an insurer *can* be brought into an underlying tort suit . . . to litigate the existence of coverage under and insured's policy. [Emphasis in original.]"[7] Plaintiff has already agreed to provide a defense to the federal action with a reservation of rights. Thus, the issue here is not whether an insured may be joined in the underlying tort action. As a result, *Nungesser* is distinguishable. Nonetheless, Plaintiff asks this Court to determine whether coverage exists pursuant to an independent declaratory judgment claim, which is similar to an insured joining an insurer in a tort action to determine whether coverage exists.

It evades common sense and good judgment to allow an insurer to avoid inclusion by an insured in a tort action by preemptively filing a separate declaratory judgment action, only to allow the insurer to argue that the injured party cannot attempt to protect its source of possible recovery by joining the declaratory judgment suit. Furthermore, Kansas appellate courts have repeatedly indicated a desire to protect injured parties' rights in insurers' declaratory judgment actions regarding coverage.

Although not directly at issue in *Heinson v. Porter*, 244 Kan. 667, 671-72, 772 P.2d 778 (1989) (overruled on other grounds), the Kansas Supreme Court stated that

> "[i]n declaratory judgments brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a

---

[7] *Id.* at 561-62.

4

declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured.e[8]

The *Heinson* court also stated that

---

[8]quoting *Franklin Life Ins Co. v. Johnson* 157 F.2d 653, 658 (10th Cir. 1946).

5

A[p]ersons who have been injured in an automobile accident are certainly proper parties to a suit by the liability insurer to determine the coverage of its policy, and the better rule would seem to be that they are both proper and necessary parties to the maintenance of the suit. Hence, it would be error to dismiss such persons from the declaratory judgment suit.@[9]

Plaintiff argues that the Court should ignore *Heinson* because it was later overruled on other grounds and the joinder discussion was simply dicta.

In *Hershaw v. Farm & City Insurance Co.*, 32 Kan. App. 2d 684, 690-91, 87 P.3d 360 (2004), the Kansas Court of Appeals held that Ajoinder of the potential tort claimant in a breach of contract action brought by the insured against her insurance company would not be appropriate.@ However, the court cited *Heinson* when it ruled that the potential tort claimant was no longer a Acontingently necessary party@ to the litigation because the insured had abandoned her claim for declaratory relief regarding coverage.[10] Therefore, while Plaintiff correctly states the general rule for direct actions against insurers regarding contract or tort claims, the issue before the Court does not involve a direct action against Plaintiff as were at issue in *Nungesser* and *Hershaw*.

---

[9]244 Kan at 671 (quoting 20 Appleman, *Insurance Law and Practice* ' 11371 (1980)).

[10]*Hershaw*, 32 Kan. App. 2d at 690-91.

6

Plaintiff argues that the Court should look to other jurisdictions for guidance because no Kansas case has directly addressed a tort claimant=s right to join a declaratory judgment action regarding coverage. Plaintiff cites to several cases holding that a tort claimant=s contingent interest in collection does not entitle it to join a suit regarding coverage.[11] As pointed out by the Federal District Court of Kansas in *Austin Fireworks, Inc. v. T.H.E. Insurance Co.*, 809 F. Supp. 829, 830-31 (D. Kan. 1992), the federal court cases cited by Plaintiff look to the Federal Rules of Civil Procured for guidance, and not the Kansas procedural rules.

Moreover,

[m]ost courts have indicated that . . . joinder is proper because of the multiplicity of litigation that might otherwise result. A number of courts, however, have held to the contrary either on the grounds that there is no justiciable controversy between the insurer and the injured party or on the grounds that such joinder would be inequitable. . . . The majority rule, on the other hand, is premised on the fact that, although there is not, as yet, a true controversy between the carrier and the injured party, the relationship between the parties and the potential for subsequent inconsistent judgments is such that a controversy should be deemed to exist.[12]

---

[11]See, e.g., *Liberty Mutual Ins. Co. v. Teasdale, Inc.*, 419 F.3d 216, 223-24 (3d Cir. 2005); *In re HealthSouth Ins. Litig.*, 219 F.R.D. 688, 692 (N.D. Ala. 2004).

[12]2 Windt, *Insurance Claims and Disputes* 5th ed., ' 8:7 (2011).

7

AThere is good reason for permitting the joinder of [the injured party to an insurer=s action] seeking declaratory relief.  If they were not joined, [insurers] would not be bound by a favorable judgment of noncoverage and the insurers could be exposed to the risks of a multiplicity of litigation and inconsistent obligations.@[13]

---

[13]*Id.* at ' 8:8.

8

In this case, the FDIC claims an interest relating to the insurance policy at issue; the policy is a possible source of recovery. To be a necessary party, K.S.A. 60-219(a)(1)(B)(2) does not require that the FDIC *have* an interest, simply that the FDIC "claims" an interest. Furthermore, if the FDIC is not made a party to this action, then Plaintiff would be at substantial risk of inconsistent obligations because the FDIC might not be bound by this action.[14]   If the FDIC were later determined to be bound by this action pursuant to the doctrines of collateral estoppel or res judicata, then the FDIC would be prejudiced if not given an opportunity to protect its interests in this matter.

Kansas case law indicates that, if faced with the facts currently before this Court, the appellate courts would find that the FDIC is a necessary party pursuant to K.S.A. 60-219(a)(1)(B)(2). "The doctrine of stare decisis generally requires the same court and all courts of a lower rank [to] follow an established point of law in subsequent cases pertaining to the same legal issue."[15]   The district court is duty bound to follow Supreme Court and Court of Appeals precedent, "absent some indication that the court is departing from its previous position."[16]   Therefore, the Court finds it is duty bound to follow the rules set forth

---

[14]The Court notes that whether the FDIC can be bound by this matter is a significant issue because the facts indicate that Columbian may have paid the insurance premiums on behalf of its officers and directors. For example, although Plaintiff claims it was not required to do so, it allegedly refunded the FDIC a portion of the premium for the period after Columbian was closed. Therefore, another court might determine that the FDIC, as Columbian's receiver, was in privity with either party to this matter.

[15]*State v. Pressley*, 290 Kan. 24, Syl. & 3, 223 P.3d 299 (2010).

[16]*State v. Reed*, 40 Kan. App. 2d 269, 280, 191 P.3d 341 (2008).

9

in the *Heinson* and *Hershaw* cases and declines to adopt the minority rule adopted by other jurisdictions.

As a result, the Court finds that the FDIC is entitled to join Plaintiff=s declaratory judgment suit.

The FDIC attempts to argue that it has defenses to Plaintiff=s declaratory judgment, which are only available to the FDIC, thus, it should be allowed to intervene to assert those defenses. Although the Court acknowledges that the FDIC is entitled to exercise its statutory defenses in certain instances, based upon the ruling set forth above, the Court need not consider whether the FDIC=s status as Columbian=s receiver automatically entitles it to intervene in Plaintiff=s declaratory judgment suit.

## CONCLUSION

For the reasons stated above, this Court finds that the FDIC=s Motion to Join should be, and hereby is, GRANTED.

**IT IS SO ORDERED.**

Dated this 3rd of February, 2012

/s/Thomas Sutherland
Judge of the District Court

10      *Clerk of the District Court, Johnson County Kansas*
*02/03/12  11:18am SS*