IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BANCINSURE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2110-KHV |
| CARL L. MCCAFFREE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

The Federal Deposit Insurance Corporation, as receiver of The Columbian Bank and Trust Company ("FDIC-R"), removed this declaratory judgment action from the District Court of Johnson County, Kansas, following that court's order joining FDIC-R as a necessary party pursuant to K.S.A. § 60-219. Arguing that jurisdiction does not lie in this court, plaintiff filed Bancinsure, Inc.'s Motion To Dismiss The FDIC-R And Remand (Doc. #16) on March 26, 2012. For the following reasons the Court overrules plaintiff's motion.

**Legal Standards**

The removing party bears the burden of showing that jurisdiction is proper in federal court. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against removal and the Court narrowly construes removal statutes. Ortiz v. Biscanin, 190 F. Supp.2d 1237, 1241 (D. Kan. 2002). The Court is mindful that "[d]oubtful cases must be resolved in favor of remand." Thurkill v. The Menninger Clinic, Inc., 72 F. Supp.2d 1232, 1234 (D. Kan. 1999) (citing Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)).

**Facts and Procedural Background**

In 2008, the State of Kansas shut down The Columbian Bank and Trust Company ("Columbian") and appointed FDIC-R as its receiver. Three years later, FDIC-R filed suit in this Court alleging gross mismanagement by former Columbian officers and directors. FDIC v. McCaffree, Civil Action No. 11-2447 (filed Aug. 9, 2011). Before FDIC-R had filed suit but after it had asserted claims against them, those former officers and directors requested coverage under a Bancinsure Directors and Officers policy issued to Columbian. After agreeing to advance defense costs under a reservation of rights, plaintiff filed the underlying declaratory judgment action against the named officers and directors in the District Court of Johnson County, Kansas, seeking a declaration that its policy provides no coverage for any claims that FDIC-R might assert in a lawsuit against these officers and directors. See Petition For Declaratory Judgment (Doc. #9-1) filed August 1, 2011.

On August 31, 2011, FDIC-R filed a motion in Johnson County court seeking to join Bancinsure's lawsuit as a necessary party or, in the alternative, to intervene. Doc. #1-1. FDIC-R argued that it was a necessary party pursuant to K.S.A. § 60-219(a)(1), which provides as follows:

A person who is subject to service of process must be joined as a party if:

    (A) In that person's absence, the court cannot accord complete relief among existing parties; or

    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) As a practical matter, impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

K.S.A. § 60-219(a)(1).[1]  FDIC-R asserted that unless it became a party, neither plaintiff nor defendants could obtain complete relief as to coverage and there would be substantial risk of inconsistent obligations.

On February 3, 2012, the Johnson County District Court granted FDIC-R's motion to join pursuant to K.S.A. § 60-219(a)(1)(B)(2),[2] and did not rule on FDIC-R's alternative basis of intervention. (Doc. #1-2).  On February 23, FDIC-R  filed a notice of joinder as a party defendant in state court (Doc. #1-3), and the next day filed its notice of removal in this Court (Doc. #1). Plaintiff's motion to dismiss and remand followed.

## **Analysis**

Plaintiff argues that this Court lacks subject matter jurisdiction and that FDIC-R should not be allowed to remain in this case under federal laws of joinder and intervention.  Plaintiff asks the Court to dismiss FDIC-R as a party and remand the case.  FDIC-R asserts that subject matter jurisdiction exists under 28 U.S.C. § 1819(b)(2)(A) as of the date that it joined the state court action as a party defendant, and that this Court should not reconsider the state court's order that FDIC-R is a necessary party.

Because the claims asserted in the state court action arise under state law and are asserted against defendants who are residents of Kansas, the original defendants could not have removed the

---

[1]  FDIC-R also pointed to K.S.A. § 60-219(a)(2), which provides that the court must order that a necessary party be added to a case if the parties have not voluntarily joined that person.

[2]  It is difficult to understand the basis for the state court's ruling because no such subsection of K.S.A. § 60-219 exists.  However, the state court clearly ruled that it was granting FDIC-R's motion to join rather than to intervene.  See Doc. #1-2 at 10.

-3-

case under 28 U.S.C. § 1441.[3] The only possible basis for federal jurisdiction is the presence of FDIC-R as a party. Cases in which the FDIC is a party have unique status. See 12 U.S.C. § 1819(b)(2)(A) ("[A]ll suits . . . to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.").[4]

> Thus, if the FDIC is a party to an action within the meaning of § 1819, the district court has federal-question jurisdiction under 28 U.S.C. § 1331. Section 1819(b)(2)(B) allows the FDIC to "remove any action, suit, or proceeding from a State court to the appropriate United States district court" where "the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." This subsection tracks the language of 28 U.S.C. § 1441, which grants defendants the power to remove. It does not create jurisdiction, but rather allows the FDIC to remove cases where the district court would have original jurisdiction, typically under § 1331 and § 1819(b)(2)(A).

Village of Oakwood v. State Bank & Trust Co., 481 F.3d 364, 368 (6th Cir. 2007).

Plaintiff argues that FDIC-R's right of removal is limited by 12 U.S.C. § 1819(b)(2)(B), which gives FDIC-R the right to remove during the "90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." Relying upon that statutory language, plaintiff asserts that FDIC-R cannot remove this case because plaintiff did not file suit against FDIC-R and FDIC-R was not substituted as a party in the state court action. The Court recognizes that § 1819(b)(2) may be less than a model of clarity, as subsection (A) grants automatic subject matter jurisdiction to a case as soon as FDIC is a party and subsection (B) specifically addresses removal but speaks only to those instances in which an action is filed

---

[3] "A civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

[4] "Corporation" refers to the FDIC, and "in any capacity" refers to whether the FDIC is acting in its capacity as receiver (as in this case) or as insurer. Village of Oakwood v. State Bank & Trust Co., 481 F.3d 364, 368 n.2 (6th Cir. 2007).

against FDIC or in which FDIC is substituted as a party. However, as the correct parsing of the statutory language in Village of Oakwood makes clear, FDIC-R had the authority to remove this action when it became a party by virtue of the state court order joining it as a party. Federal question jurisdiction then attached pursuant to 12 U.S.C. § 1819(b)(2)(A), and § 1819(b)(2)(B) (the analog to 28 U.S.C. § 1441(a) when FDIC-R is a party) became the source of FDIC-R's removal authority.[5]

Plaintiff argues that Village of Oakwood actually supports its position, quoting dicta such as "FDIC's intervention cannot create jurisdiction where none existed." 481 F.3d at 368.[6] This uncontroversial statement does not answer whether jurisdiction exists in this case. However, the facts and holding of Village of Oakwood are instructive: the FDIC moved to intervene in a state court action and removed the case before the state court ruled on its intervention motion. In federal court, plaintiffs moved to remand; the district court granted the motion but then reversed its decision and allowed FDIC to intervene. The Sixth Circuit reversed, holding that FDIC could not remove

---

[5] Section 1819(b)(2)(B) also provides the amount of time FDIC-R has to remove, so it is also an analog in part to 28 U.S.C. § 1446, the general removal procedure statute.

[6] Plaintiff also writes that "[u]nder the majority view, a court lacks subject-matter jurisdiction when 'the only conceivable basis for jurisdiction is the presence of the FDIC,'" citing Village of Oakwood. Doc. #21 at 3. This statement is an inaccurate representation of the Village of Oakwood holding and does not fairly state a majority view. No federal court has held that it cannot have subject matter jurisdiction in a federal-question case where FDIC is the only party creating a federal question. Rather, Village of Oakwood and other cases make a particularly studied examination of subject matter jurisdiction in instances in which FDIC's presence provides the only conceivable basis for that jurisdiction. See Village of Oakwood, 481 F.3d at 366-70; Vision Bank v. Bama Bayou, LLC, No. 11-0568, 2012 WL 592752 (S.D. Ala. Jan. 30, 2012) (magistrate judge report and recommendation to grant motion to remand because FDIC not proper party when it removed case); Broughton-Irving v. Saphir, No. 09 CV 7979, 2010 WL 4810605 (N.D. Ill. Nov. 28, 2010) (remanding case because FDIC motion to intervene in state court action not yet ruled and thus FDIC not proper party).

because it was not a party to the action in state court, and therefore the federal district court could not allow FDIC to intervene because no subject matter jurisdiction existed. Village of Oakwood, 481 F.3d at 368-69. The same situation (i.e. that FDIC was not a proper party in the state court case) applies in the other cases on which plaintiff relies. See Vision Bank v. Bama Bayou, LLC, No. 11-0568, 2012 WL 592752 (S.D. Ala. Jan. 30, 2012); Broughton-Irving v. Saphir, No. 09 CV 7979, 2010 WL 4810605 (N.D. Ill. Nov. 28, 2010).

Here, FDIC-R successfully moved to join the lawsuit while the lawsuit was pending in state court. After FDIC-R joined as a party defendant pursuant to state court order, FDIC-R timely removed the action. Although FDIC-R was not a defendant when plaintiff filed its lawsuit, the state court allowed FDIC-R to join and be aligned as a defendant, thereby starting the 90-day clock for removing the action as one "filed against the Corporation," 28 U.S.C. § 1819(b)(2)(B).[7] FDIC-R joined the state court action, federal subject-matter jurisdiction arose and FDIC-R properly exercised its power to remove.

Plaintiff also argues that this Court should review FDIC-R's joinder under federal law, and not merely assume it to be properly joined by virtue of the state court ruling. FDIC-R asserts that state law applies and thus this Court should not review the order, but if the Court does review it, joinder is proper under both state and federal law. The parties made these arguments shortly after the case was removed. Since that time, all the parties to this action have been conducting discovery and otherwise litigating the case. The Court presumes that FDIC-R's interest in the insurance policy claims has been examined, including the possibility that FDIC-R was in privity with plaintiff or the

---

[7] Plaintiff and FDIC-R both discuss the "state actions" exception to subject-matter jurisdiction and removal found in 28 U.S.C. § 1819(b)(2)(D), but they agree that it does not apply. Doc. #19 at 8; Doc. #21 at 4.

original defendants, as the state court mentioned in its order granting joinder. See Doc. #1-2 at 9 n.14. Accordingly, to the extent that plaintiff's motion asks the Court to dismiss FDIC-R as improperly joined, the Court will **OVERRULE** it. If discovery suggests that joinder is improper, plaintiff should file an appropriate motion for summary judgment.

**IT IS THEREFORE ORDERED** that Bancinsure, Inc.'s Motion To Dismiss The FDIC-R And Remand (Doc. #16) filed March 26, 2012 be and hereby is **OVERRULED**.

Dated this 24th day of January, 2013, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge