# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BANCINSURE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 12-2110-KHV |
| CARL L. MCCAFFREE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff brings this declaratory judgment action seeking a declaration that its policy provides no coverage for any claims that FDIC-R might assert in a lawsuit against former Columbian Bank and Trust Company officers and directors. This matter comes before the Court on Plaintiff's Motion For Leave To File Documents Under Seal (Doc. #128) filed May 6, 2013. Plaintiff asks the Court to enter an order allowing it to file under seal the memorandum in support of its motion for summary judgment. The only stated reason is that this memorandum discusses, quotes from and attaches as exhibits documents that plaintiff has designated as confidential.

Federal courts have long recognized a common law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v.

Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149.

In support of its motion to file a memorandum under seal, plaintiff alleges only that the memorandum and exhibits thereto contain information which it wishes to remain confidential. Plaintiff's Motion For Leave To File Documents Under Seal (Doc. #128) at 2. Plaintiff does not suggest why this information, if disclosed, might be harmful to either party.

As in Helm, plaintiff has not articulated a substantial interest that justifies overriding the public's substantial interest in access to court records. The Court therefore overrules the motion to file under seal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Leave To File Documents Under Seal (Doc. #128) filed May 6, 2013 be and hereby is **OVERRULED**.

Dated this 3rd day of July, 2013 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge