# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BANCINSURE, INC., )<br>      **Plaintiff,** )<br>            )<br>            )<br>v.            )<br>            )<br>CARL L. MCCAFFRE, et al., )<br>            )<br>      **Defendants.** )<br>_____) | **CIVIL ACTION**<br><br>**No. 12-2110-KHV** |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's <u>Motion For Further Relief Based On Declaratory Judgment Pursuant To 28 U.S.C. § 2202</u> (Doc. #258) filed December 2, 2016. Plaintiff seeks litigation-related fees and costs pursuant to a settlement agreement arising from prior proceedings in this Court. For reasons stated below, the Court overrules plaintiff's motion.

## Factual Background

Prior to 2008, BancInsure[1] sold directors and officers liability policies to Columbian Financial Corporation and Columbian Bank and Trust Company ("the Bank"). In August of 2008, the Bank was declared insolvent and the Federal Deposit Insurance Corporation was appointed receiver ("FDIC-R"). In 2011, FDIC-R filed suit against defendants, who are directors and officers of the Bank. Before this occurred, BancInsure filed a declaratory judgment suit in the District Court of Johnson County, Kansas which the FDIC-R removed to this Court in February of 2012. In February of 2013, FDIC-R and defendants settled their dispute in the 2011 case and executed a written settlement agreement ("SA") which resolved their case but allowed BancInsure to pursue

---

[1] Plaintiff in this case is an appointed authorized receiver for Red Rock Insurance Company, formerly known as BancInsure, Inc. Plaintiff is hereinafter designated as "BancInsure."

its declaratory judgment action to determine coverage under its directors and officers liability policy. The SA stipulated that if the Court found no coverage under the policy, defendants would pay BancInsure $250,000 plus $679,340, which BancInsure had advanced to defendants for defense costs. The SA also stipulated that, in any potential dispute regarding the agreement, the Court retained personal jurisdiction over the parties.

In February of 2014, the Court granted BancInsure's motion for summary judgment and found no coverage under the policy. In April of 2014, BancInsure moved to amend the judgment to include monetary damages for payment of defense costs. The Court denied this motion, noting that BancInsure had not sought damages, had not timely sought summary judgment on any damages theory and had no right to recover such damages. Defendants appealed the Court's decision with respect to coverage, and the Tenth Circuit Court of Appeals affirmed. The United States Supreme Court denied certiorari in August of 2014.

In the instant action, BancInsure seeks "further necessary relief" based on the declaratory judgment. BancInsure claims that defendants are obligated to pay litigation-related fees and costs pursuant to the settlement agreement in the underlying action. BancInsure relies on the Declaratory Judgment Act, 28 U.S.C. § 2202, which permits courts to order "[f]urther necessary or proper relief based on a declaratory judgment." 28 U.S.C. § 2202. BancInsure argues that it should be able to enforce the SA in these proceedings and that it is necessary for the Court to award relief based on the declaratory judgment.

**Analysis**

**I.     Whether further relief on the declaratory judgment is necessary or proper**

BancInsure seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2202. Under Section 2202, a court may grant "[f]urther necessary or proper relief based on a declaratory judgment or decree." Id. BancInsure asserts that Section 2202 provides a mechanism by which it can secure reimbursement of defense costs advanced under the policy, pursuant to its reservation of rights. BancInsure claims that the SA establishes its rights to reimbursement. As defendants correctly point out, however, what BancInsure actually seeks is enforcement of the SA, a wholly separate contract. It is not seeking further relief on the declaratory judgment, but instead seeking to enforce the SA. BancInsure's motion then is not actually a claim for further relief on the declaratory judgment, but a claim for breach of contract and unjust enrichment under the SA. To pursue these claims, BancInsure must file a new action.

**II.     Whether the Court retained jurisdiction to adjudicate disputes under the SA**

While defendants agreed that the District of Kansas would retain personal jurisdiction over the parties for potential actions arising from the SA, the Court did not retain jurisdiction to adjudicate such disputes in this declaratory judgment action. Personal jurisdiction over defendants is *not* the same as the Court retaining jurisdiction over the case.

**Conclusion**

Because BancInsure has brought new and distinct causes of action, and because the Court did not retain jurisdiction to adjudicate them, the Declaratory Judgment Act does not authorize BancInsure to pursue its claim for further relief in this action.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Further Relief Based On Declaratory Judgment Pursuant To 28 U.S.C. § 2202 (Doc. #258) filed December 2, 2016 is **OVERRULED.**

Dated this 29th day of August, 2017 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge